501 So.2d 112 (1987)
William L. CYPHER, Appellant,
v.
Joseph A. SEGAL and West American Insurance Company, Appellees.
No. 85-1888.
District Court of Appeal of Florida, Fourth District.
January 21, 1987.
Scott N. Richardson and Janice M. Vessell of Reid & Ricca, P.A., West Palm Beach, for appellant.
Marjorie Gadarian Graham and Charles H. Damsel, Jr., of Jones & Foster, P.A., West Palm Beach, for appellees.
STONE, Judge.
A police officer of the Town of Palm Beach, Cypher, brought a malicious prosecution action against Segal. The action was based on an unsuccessful malicious prosecution suit brought by Segal against Cypher, the Town, and others, after Segal was acquitted in a criminal prosecution. The trial court in the present case granted a summary judgment in favor of Segal upon determining that Cate v. Oldham, 450 So.2d 224 (Fla. 1984), was controlling. Assuming that Segal had sued Cypher in his individual capacity in the first action, the primary question on appeal is whether the defendants' election to tax costs in that case is a defense in this one.
In the initial malicious prosecution suit, Segal claimed that Cypher had acted wantonly and willfully in having initiated criminal proceedings against him, and sought punitive damages. A verdict was directed *113 in favor of Palm Beach and Cypher. Their mutual attorney recovered a cost judgment against Segal on behalf of both the Town and Cypher. Cypher claims on appeal to have had no knowledge of the cost judgment, since all suit defense expenses had been borne by the municipality. However, the record is silent on this point.
In Cate v. Oldham our supreme court adopted the common law rule that a state officer who has been unsuccessfully sued in his official capacity may not then institute a suit for malicious prosecution in response. This restriction is based on the recognition that retaliatory suits by the government, or its officers, would have a chilling effect on the right of citizens to petition the state for redress of grievances. In essence, the case recognizes a privilege to sue the state without fear of reprisal. See also City of Long Beach v. Bozek, 31 Cal.3d 527, 183 Cal. Rptr. 86, 645 P.2d 137 (1982), vacated, 459 U.S. 1095, 103 S.Ct. 712, 74 L.Ed.2d 943 (1983), on remand, 33 Cal.3d 727, 190 Cal. Rptr. 918, 661 P.2d 1072 (1983) (government entities may not maintain actions for malicious prosecution against those who have sued them unsuccessfully).
The court in Cate also held that any damages incurred by the state in defending a suit against it or its officers should be recovered as costs in that action, and not through a subsequent suit. The court reasoned that at common law a successful defendant in a malicious prosecution action had the option to recover costs in that suit or to initiate a separate suit for malicious prosecution, but not both. The court held that with respect to government defendants sued in their official capacity, the second option was not available, and that they were confined to seeking their damages, to the extent of recoverable costs, in the first action.
In granting the summary judgment, the trial court reasoned that the decision by Cypher and the Town's attorney to seek costs in the first case was an election of remedies and a defense to this action, regardless of the issue of whether Cypher could also be barred from bringing this action if he had initially been sued only in his official capacity. Having reached his decision on the first point, the trial judge found, for the record, that the first action was indeed against Cypher in his "official capacity," thus barring this suit.
With respect to this last finding, Cate is distinguishable. In Cate, the court stated:
A government official sued only in his or her official capacity, and from whom no relief is sought which would run against his or her personal, as opposed to governmental behavior or finances, can claim no greater right to seek greater sanctions.
Id. at 227. Therefore, by implication, the result would have been otherwise if the relief sought had run against Cypher's personal finances. Accordingly, Cypher argues that the punitive damages sought in the first action could only have been against him in his individual capacity, and thus they ran against his own finances.
In City of Long Beach v. Bozek, the court recognized the right of individual employees to bring a malicious prosecution suit when they had initially been sued in their unofficial capacity. The court noted that such a right would deter the careless filing of unwarranted malicious actions against state officers individually. 183 Cal. Rptr. at 192, 645 P.2d at 143.
The initial complaint brought by Segal had not specifically claimed punitive damages against Cypher by name, but instead used the term "the defendants." Segal contends that this general demand was not sufficient to convert a suit against an officer in his official capacity into a personal action. However, we conclude that it did have that result, particularly since the Town's liability is vicarious and only the individual defendants would have been liable for the punitive damages.
In Cate, the plaintiff Oldham had been sued only in his official capacity, and he was exposed to no personal liability. Since Cypher was not sued in the initial case exclusively in his official capacity, he *114 was not precluded, by the privilege recognized in Cate, from bringing this action.
However, the trial judge was, nevertheless, correct in concluding that Cypher was barred from bringing this action because of the election made by his attorney to tax costs in the first case. With respect to this election the supreme court in Cate said:
At common law successful defendants could either tax costs and fees in the original action, or they could sue for malicious prosecution upon the basis of those losses; they could not do both. Parker v. Langley, 93 Eng.Rep. at 297. There being no Florida decision or statute to the contrary, the common law rule precludes such an attempt at double recovery here.
Id. at 227.
Cypher contends that he should not be bound by the decision of the attorney in the first case to tax costs in the name of both the Town and himself, since the Town was primarily responsible for the expenses, and he claims to have personally incurred none. No motion to tax costs appears in the record; the order taxing costs is included in the final judgment.
The record is silent as to the extent to which Cypher may, or may not, have had personal liability in the initial action for expenses, and as to what transpired between Cypher and his attorney in that case. Further, at the summary judgment hearing in this case, Cypher did not maintain that he did not tax the costs in the original case, nor was the appellee's affidavit that Cypher did tax costs contradicted. Appellant contends that he should not be bound by the fortuitous fact that his name was included in the initial cost judgment awarding reimbursement for the Town's expenses, but the record lends no support that such an inclusion was accidental.
Cypher also argues that the mere fact that costs were sought in the initial case was not an election with respect to other damages he sought here, which were not available in the first case. This argument was not a factor in the Cate decision, as there the plaintiff had been sued in his official capacity alone, and thus his only possible damages were costs and fees. Here, the appellant claims additional damage to his personal reputation, and for pain and suffering from his exposure to financial loss caused by the punitive damages claim. Nevertheless, we conclude that the appellant had a choice at the conclusion of the initial suit to pursue an independent cause of action or to obtain more limited relief by way of seeking a cost judgment in that case. Once such an election was made and judgment entered thereon, the appellant was barred from seeking additional damages. Cate v. Oldham.
In summary, we conclude that the trial judge did not err in determining that the appellant was barred, by taxing costs in the initial suit, from instituting a separate action for additional damages, regardless of whether or not he had been sued in his official capacity in the first instance; therefore we affirm.
GLICKSTEIN and DELL, JJ., concur.