STONE, Judge.
This is an appeal from a final summary judgment for the defendant in an action for malicious prosecution. The trial court, *426 properly, applied this court’s opinion in Cypher v. Segal, 501 So.2d 112 (Fla. 4th DCA 1987), in holding that the plaintiff in a malicious prosecution action, who has previously taxed fees and costs in a successfully defended underlying action, is barred by that election from seeking additional damages.
In Cypher, this court determined that this language in Cate v. Oldham, 450 So.2d 224 (Fla.1984) was controlling:
At common law successful defendants could either tax costs and fees in the original action, or they could sue for malicious prosecution upon the basis of those losses; they could not do both. Parker v. Langley, 93 Eng.Rep. at 297. There being no Florida decision or statute to the contrary, the common law rule precludes such an attempt at double recovery here.
Cypher at 114.
Although both Cate and Cypher involved acts of public officials, those cases were deemed controlling in River Bend Marine, Inc. v. Sailing Assoc., Inc., 539 So.2d 507 (Fla. 4th DCA 1989), involving only private parties. We note that the First District, in Turkey Creek, Inc. v. Londono, 567 So.2d 943 (Fla. 1st DCA 1990), disagreed with this court’s interpretation of the Cate language. Following Cypher, we affirm the judgment. However, as we deem the issue to be of great public importance we certify this question to the supreme court:
WHETHER CATE V. OLDHAM APPLIES TO PRIVATE LITIGANTS, TO BAR A SUBSEQUENT ACTION FOR MALICIOUS PROSECUTION WHERE THE PLAINTIFF HAS PREVIOUSLY ELECTED TO TAX COSTS AND/OR FEES AFTER SUCCESSFULLY DEFENDING THE UNDERLYING ACTION?
DELL, J., concurs.
WARNER, J., concurs specially with opinion.