PER CURIAM.
This is an appeal from an order granting the appellees’ motion for final summary *155 judgment in a malicious prosecution action. The appellants had previously been awarded a cost judgment in the successful defense of the underlying action. The trial court correctly relied on Cypher v. Segal, 501 So.2d 112 (Fla. 4th DCA 1987), and granted summary judgment for the appel-lees. We affirm.
This court recently addressed the precise issue presented in this case in Jaye v. Royal Saxon, Inc., 573 So.2d 425 (Fla. 4th DCA), rev. pending, (Fla. Mar. 1, 1991) (No. 77,570). The final judgment was affirmed in Jaye because of Cypher and River Bend Marine, Inc. v. Sailing Assocs., Inc., 539 So.2d 507 (Fla. 4th DCA 1989). The foundation of both Cypher and River Bend was Cate v. Oldham, 450 So.2d 224 (Fla.1984), which suggested in dicta that English common law would control in a situation such as this and the successful defendant would be required to chose between taxing costs in the original action or pursuing a malicious prosecution claim, but could not do both. In Jaye, the court noted that the first district in Turkey Creek, Inc. v. Londono, 567 So.2d 943 (Fla. 1st DCA 1990), rev. granted, 511 So.2d 1327 (Fla.1991), disagreed with this court’s interpretation of Cate.
Here, as in Jaye, we deem the issue to be of great public importance and we certify this question to the supreme court:
WHETHER CATE v. OLDHAM APPLIES TO PRIVATE LITIGANTS TO BAR A SUBSEQUENT ACTION FOR MALICIOUS PROSECUTION WHERE THE PLAINTIFF HAS PREVIOUSLY ELECTED TO TAX COSTS AND/OR FEES AFTER SUCCESSFULLY DEFENDING THE UNDERLYING ACTION?
AFFIRMED AND QUESTION CERTIFIED.
ANSTEAD and WARNER, JJ., and STEVENSON, W. MATTHEW, Associate Judge, concur.